UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JENNIFER ROBIN HICKOK | ) |
| | ) No. CV-10-331-JPH |
| Plaintiff, | ) |
| | ) ORDER GRANTING PLAINTIFF'S |
| v. | ) MOTION FOR SUMMARY JUDGMENT |
| | ) AND REMANDING FOR FURTHER |
| MICHAEL J. ASTRUE, Commissioner | ) ADMINISTRATIVE PROCEEDINGS |
| of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

BEFORE THE COURT are cross-motions for summary judgment noted for hearing without oral argument on November 4, 2011 (ECF Nos. 13, 15). Attorney David L. Lybbert represents Plaintiff; Special Assistant United States Attorney Jordan D. Goddard represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge (ECF No. 6). On July 14, 2011, plaintiff filed a reply (ECF No. 17). After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Plaintiff's Motion for Summary Judgment, **REVERSES and REMANDS** for further administrative proceedings (ECF No. 13) and **DENIES** Defendant's Motion for Summary Judgment (ECF No. 15).

**JURISDICTION**

Plaintiff protectively applied for disability insurance benefits (DIB) on March 12, 2007, and for supplemental security income (SSI) on August 21, 2007, alleging onset beginning September 27, 2006 (Tr. 129-133, 143). The applications were

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
- 1 -

denied initially(Tr. 62-64) and on reconsideration (Tr. 65-69). At a hearing before Administrative Law Judge (ALJ) Louis J. Volz, III, on October 7, 2009, plaintiff, represented by counsel, and a vocational expert (VE) testified (Tr. 23-58). On January 22, 2010, the ALJ issued an unfavorable decision (Tr. 10-16). The Appeals Council denied Ms. Hickok's request for review on August 10, 2010 (Tr. 1-3). This made the ALJ's decision the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review September 28, 2010 (ECF Nos. 2, 4).

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was 32 years old at onset and 36 on the date of the decision. She graduated from high school and attended college off and on for two years. She earned a license to sell insurance and a cosmetologist's certificate (Tr. 35-36, 38, 148). Plaintiff has worked as a loan officer, sales representative, hair stylist, manicurist, and receptionist (Tr. 55-56). In April 2007 she reported having eleven jobs in twelve years (Tr. 155). She suffers from bipolar disorder.

**SEQUENTIAL EVALUATION PROCESS**

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be

expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT

impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that Plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) assessment is considered. If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

///

**STANDARD OF REVIEW**

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT

1  Congress has provided a limited scope of judicial review of a
2 Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold
3 the Commissioner's decision, made through an ALJ, when the
4 determination is not based on legal error and is supported by
5 substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th
6 Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).
7 "The [Commissioner's] determination that a plaintiff is not
8 disabled will be upheld if the findings of fact are supported by
9 substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th
10 Cir. 1983)(*citing* 42 U.S.C. § 405(g)). Substantial evidence is
11 more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112,
12 1119 n. 10 (9th Cir. 1975), but less than a preponderance.
13 *McAllister v. Sullivan*, 888 F.2d 599, 601-602(9th Cir. 1989);
14 *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d
15 573, 576 (9th Cir. 1988). Substantial evidence "means such
16 evidence as a reasonable mind might accept as adequate to support
17 a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)
18 (citations omitted). "[S]uch inferences and conclusions as the
19 [Commissioner] may reasonably draw from the evidence" will also be
20 upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On
21 review, the Court considers the record as a whole, not just the
22 evidence supporting the decision of the Commissioner. *Weetman v.*
23 *Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989)(*quoting Kornock v.*
24 *Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).
25  It is the role of the trier of fact, not this Court, to
26 resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If
27 evidence supports more than one rational interpretation, the Court
28

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT

may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ALJ'S FINDINGS**

The ALJ found plaintiff's DIB insurance was effective through September 30, 2011 (Tr. 10, 12). At step one, he found plaintiff did not engage in substantial gainful activity after onset (Tr. 12). At step two, the found she suffers from a medically determinable impairment, bipolar disorder, but it is not severe (Tr. 12). This was dispositive. The ALJ found at step two plaintiff was not disabled as defined by the Social Security Act between September 27, 2006, and the date of the decision, January 22, 2010 (Tr. 16).

**ISSUES**

Plaintiff contends the Commissioner erred as a matter of law when he found bipolar disorder is medically determinable but not severe. She alleges the ALJ erred when he weighed the evidence and assessed her credibility (ECF No. 14 at 10-14). The Commissioner answers that the ALJ properly relied on an examining

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT

psychologist's opinion when he found plaintiff's mental impairment is not severe. The Commissioner asserts the ALJ's credibility determination is supported by clear and convincing reasons, and he properly weighed the opinion evidence. The Commissioner asks the Court to affirm (ECF No. 16 at 14).

The ALJ's decision is not supported by substantial evidence.

## DISCUSSION

**A. Weighing medical evidence - standards**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991)(en banc).

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's physical condition. *Fair v. Bowen*, 885 F.2d 597, 604-05 (9th Cir. 1989). However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747, 751(9th Cir. 1989)(citations omitted). More weight is given to a treating physician than an examining physician. *Lester v. Chater*,

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT

81 F.3d 821, 830 (9th Cir. 1995). Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1435, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d at 751-752; *Andrews v. Shalala*, 53 F.3d 1042-43 (9th Cir. 1995).

**B. Step two**

At step two, a claimant must establish that he or she suffers from a medically determinable impairment. *See Ukolov v. Barnhart*, 420 F.3d 1002, 1004-1005 (9th Cir. 2005). Next, the claimant has the burden of proving that "these impairments or their symptoms affect [her] ability to perform basic work activities." *Edlund v. Massanari*, 253 F.3d 1152, 1159-1160 (9th Cir. 2001). Denial of a claim at step two is only appropriate if the medical signs, symptoms and laboratory findings establish only a slight abnormality that would not be expected to interfere with a

person's ability to work. This has been described as a "de minimus" screening device designed to dispose of groundless or frivolous claims. *Yuckert v. Bowen*, 841 F.2d 303 (9th Cir. 1988); SSR 85-28.

The ALJ found plaintiff "has the following medically determinable impairment: bipolar disorder controlled with medication" (Tr. 12). He based this assessment on the 2007 report of Thomas Genthe, Ph.D. (Tr. 14-15, referring to Tr. 399). Dr. Genthe opined plaintiff's bipolar disorder had been "effectively stabilized" with medication since at least March 2007 (Tr. 399).

Plaintiff alleged onset as of September 27, 2006. The record shows her condition was *not* effectively controlled with medication, beginning in 2005 (Tr. 213). From onset through October 29, 2007 (about 13 months), plaintiff's medications were changed approximately nineteen times. The court will not reiterate the many symptoms plaintiff described and her providers observed during this period, but they are numerous and clearly indicate medication did not consistently effectively control plaintiff's symptoms.

The record does not support the ALJ's step two determination.

**C. Weighing opinion evidence**

The ALJ is required to give clear and convincing reasons for rejecting a treating or examining physician's uncontradicted opinion, and specific, legitimate reasons supported by substantial evidence for rejecting their contradicted opinions. *Lester*, 81 F.3d at 830; *Flaten*, 44 F.3d at 1463.

The ALJ gives reviewing psychologist Sharon Underwood,

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT

- 9 -

Ph.D.,'s opinion little weight because she is a reviewing rather than examining psychologist, and "her opinion is not completely consistent with the record" (Tr. 15). The ALJ does not point out the part of the record allegedly inconsistent with Dr. Underwood's opinion.

Instead, the ALJ goes on to discuss the opinions of treatment providers Peter Gourley, ARNP, and Norma Whitney, AA. The ALJ gives these opinions slight weight because they are not doctors, psychiatrists, or psychologists. It appears he gives them no weight at all.

The record indicates Dr. Underwood reviewed more records than Dr. Genthe. Her opinion is more consistent with the record as a whole, including the opinions of plaintiff's treatment providers and their records. The ALJ erred by giving nearly controlling weight to one examining psychologist's opinion, particularly when, as in this case, that opinion appears inconsistent with a longitudinal review of the record.

Moreover, the ALJ failed to give clear and convincing reasons for his credibility assessment. A circular statement that plaintiff's complaints are not credible to the extent they are inconsistent with the ALJ's opinion does not suffice.

While it is the ALJ's responsibility, not the Court's, to resolve conflicts in the evidence, *Richardson*, 402 U.S. at 400, the ALJ fails to clearly state legitimate reasons for rejecting most of the evidence.

After review the Court finds the ALJ committed harmful error.

**D. Remand**

On remand, the ALJ will assess plaintiff's credibility,

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT

- 10 -

giving reasons for the determination; give reasons for accepting or rejecting the opinions of plaintiff's treatment providers; and conduct new steps 2-5 as necessary, including determining plaintiff's RFC, and seeking the opinions of medical and vocational experts if necessary.

The court wishes to make clear it expresses no opinion as to what the ultimate outcome on remand will or should be. The Commissioner is free to give whatever weight to the medical and other evidence he deems appropriate. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir 1982)("[Q]uestions of credibility and resolution of conflicts in the testimony are functions solely of the Secretary.")

**CONCLUSION**

Having reviewed the record and the ALJ's conclusions, this Court finds the ALJ's decision is not free of legal error.

**IT IS ORDERED:**

1. Plaintiff's motion for summary judgment **(ECF No. 13)** is **granted.** The ALJ's decision is **REVERSED and REMANDED** for further administrative proceedings pursuant to sentence four.

2. Defendant's motion for summary judgment **(ECF No. 15)** is **denied.**

The District Court Executive is directed to file this Order, provide copies to counsel for plaintiff and defendant, enter judgment in favor of plaintiff, and **CLOSE** this file.

DATED this 29th day of November, 2011.

s/ James P. Hutton

JAMES P. HUTTON

UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT